*771 The opinion of the court was delivered by
McEnery, • J.
Mrs. A. L. Saunders instituted suit against the defendants to rescind an act of compromise. She, in aid of her suit, prayed for and obtained an injunction against defendants, prohibiting and restraining them from selling or disposing of certain shares of stock in a corporation. Defendants filed a motion to dissolve the injunction.
The case was set for trial, and the counsel for plaintiff being absent, a motion for a continuance was made. It was denied and the case reftxed for trial. On this day, another motion was made for a continuance on account of the absence of the senior counsel at Washington on official business connected with his duties as representative in Congress, and the junior counsel being a member of the State Legislature, which would be in session in a couple of days. The application for a continuance was overruled, and the trial of the case ordered to be proceeded with. Whereupon, a written withdrawal was filed by plaintiff’s counsel. The court then had the plaintiff called by the sheriff from the court house door,' and, upon her failure to respond, the pleadings were read and a final judgment rendered against her, as follows:
“ By reason of the law and the evidence in this case being in favor' of defendants and against plaintiff, and by further reason of this case having been regularly set for trial, taken up and tried on the day fixed therefor, plaintiff’s attorneys, Messrs. O. J. and J. S. Boatner, having withdrawn from the case, and the. plaintiff having been three times called at the court house door to prosecute this suit, and having failed to appear, and upon trial the law and evidence being in favor of defendants, it is therefore ordered, adjudged and decreed that there be judgment in favor of the defendants, and against plaintiff, rejecting her demand and dissolving her injunction at plaintiff’s costs.”
The plaintiff has appealed. She urges that the pleadings did not authorize the judgment, as there was no reconventional demand, or claim for interest, or any claim for damages set up by the defendants, and therefore a judgment of non-suit only could have been rendered against her.
The defendants admit this position of the plaintiff, and suggest that this court render such a judgment as should have been rendered by the court a qua.
*772 Art. 536, C. P., provides: “If, after the cause has been set down ■on the docket for trial, the plaintiff does not appear, either in person or by attorney, to plead his cause, on the day fixed for trial, the defendant may require that judgment of non-suit be rendered against such plaintiff, with costs.
“But such judgment can not be pleaded as res judicata, or in bar of another suit for the same cause of action, provided the plaintiff show that he has paid the costs of the first suit.”
Under the pleadings the defendants were entitled only to a judgment of non-suit. The only fact with which the court had to deal, was the non-appearance of the plaintiff, either in person, or by counsel to prosecute her suit.
There was no issue raised by the' defendants in the way of any reconventional demand, and there was no basis upon which to render a final judgment against the defendants. 3 An. 660; 4 An. 176.
It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and it is now ordered, adjudged and decreed that the demand of plaintiff be dismissed as in case of non-suit.